IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Graham, | C/A No. 0:11-2406-MBS-PJG |
| Plaintiff, | |
| v. | |
| Jon Ozmint, *the State of South Carolina Department Corrections Director*; Willie L. Eagleton, *Warden of Evans Correctional Institution*; A-S Warden Chavis; A-S Warden McFadden; A. Smith, *RN*; Nurse Gaskins, *LPN*; Nurse Stokes, *LPN*; Nurse Ryans, *LPN*; Nurse Spires, *LPN*; P.R. Jones, *Official*, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiff James Graham ("Graham"), a self-represented state prisoner, filed this action in state court alleging a violation of his constitutional rights. The defendants removed it. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 40.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Graham was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 41.) Graham filed a response in opposition. (ECF No. 45.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

**BACKGROUND**

Liberally construed, Graham's Complaint alleges that the defendants were deliberately indifferent to his medical needs with regard to various maladies. The majority of Graham's

Page 1 of 10

allegations involve persons who are not parties in this matter. However, with regard to the named defendants, Graham appears to allege that various defendants were responsible for the employees and medical staff at Evans Correctional Institution ("ECI"), and denied or delayed supplying him with medication or did not order a leg brace for him as directed by the doctor. Additionally, Graham's Complaint contains general allegations regarding the medical staff's lack of professionalism and timeliness of treatment, as well as various policies or procedures related to filing grievances, signing up for sick-call, and receiving medication.

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendants' Motion for Summary Judgment**

    **1.    Service of Summons and Complaint**

Initially, the defendants argue that Graham's Complaint should be dismissed as the defendants were never properly served with the Summons and Complaint. A review of the docket reveals that it is unclear which defendants, if any, have been properly served. Section 1448 of Title 28 of the United States Code provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

*PJG*

Nonetheless, even if the court were to extend Graham's time to allow him the opportunity to re-serve the defendants in accordance with the Federal Rules of Civil Procedure, his claims would fail for the reasons discussed below.

    **2.    Deliberate Indifference—Medical Treatment**

To establish a claim under the Eighth Amendment for deliberate indifference to medical needs, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the

treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

A prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Graham has failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs. Graham's Complaint appears to allege that by denying or delaying medication and a knee brace, the defendants interfered with his recommended treatment. In support of their motion for summary judgment, the defendants have provided Graham's medical records which show that Graham was seen repeatedly for his complaints of back pain, knee pain, and shoulder pain, as well as multiple other complaints and maladies. (See generally Medical Records,

ECF No. 40-3 at 6 through ECF No. 40-5.) The defendants have also provided an affidavit from Amy Smith who states that Graham was provided "more than simply adequate medical treatment and care for his various medical conditions." (Smith Aff. ¶ 14, ECF No. 40-3 at 5.) Smith avers that the medical records demonstrate that Graham has reported to the ECI medical department on numerous occasions, received treatment on a regular basis, and that his complaints have been attended to. (Id. ¶¶ 13-14, ECF No. 40-3 at 4-5.) With regard to Graham's allegations regarding the denial of pain medication, Smith attests that Graham received a maximum amount of narcotic medication allowed per pharmacy policy, that Graham received an appropriate amount of pain medication per South Carolina Department of Corrections policy and to appropriately treat his medical condition, and that inmates are not allowed to get whatever medication they want. (Id. ¶¶ 4-6, ECF No. 40-3 at 2-3.) Smith also addresses Graham's allegations that he did not receive his blood pressure medication and prescription refills, averring that the medical records show that Graham has received adequate blood pressure treatment and noting that it is the inmate's responsibility when he runs out of medication to fill out the refill sheet. (Id. ¶ 9, ECF No. 40-3 at 3.) Additionally, Smith avers that attempts were made to order a knee brace for Graham, but that it was not a stock item and had to be obtained from a specialty clinic. She attests that Graham received more than adequate medication and treatment for his injuries. (Id. ¶ 3, ECF No. 40-3 at 2.)

A review of the medical records shows that Graham was seen extensively by the ECI medical staff, as evidenced by more than two hundred and fifty medical entries in a three-year period. In addition, the medical records demonstrate that Graham received treatment numerous times outside ECI for x-rays, vision appointments, surgeries, orthopaedic consultations, and even a hospital visit. Thus, Graham's claim of deliberate indifference to a serious medical need fails because the record

unequivocally shows that Graham was frequently seen and treated by medical staff for his complaints. Moreover, as stated above, Graham does not have a claim against the defendants merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d 1240; Fleming, 423 F. Supp. 2d at 1070. At most, Graham's claims allege negligence or medical malpractice, which is not actionable in a constitutional claim. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

### 3. Non-medical personnel

Additionally, to the extent that Graham attempts to raise a claim of medical deliberate indifference against any non-medical personnel defendant, his claim must fail. To establish a claim for denial of medical care against non-medical personnel, a prisoner must show that they failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Moreover, because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment which the medical personnel deemed necessary and appropriate for the prisoner. See id. Graham has made no showing that any non-medical personnel defendant engaged in the type of conduct required by controlling case law to establish an Eighth Amendment medical claim of deliberate indifference.

Page 7 of 10

PJG

### 4. Respondeat Superior

To the extent that Graham raises a claim against any defendant based only on a general allegation that that defendant was responsible for the supervision of the medical staff at ECI, this claim also fails as a matter of law. A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [ ] supervisory liability entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the record is devoid of evidence that would permit a claim based on such a theory to go forward under Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

### 5. State Law Claims

To the extent that Graham is seeking to raise state law claims of medical negligence or malpractice, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton

Page 8 of 10

PJG

Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993). This requirement also includes nurses. See S.C. Code Ann. § 15-36-100(G). It is undisputed that Graham has failed to file an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice against the defendants.

**C.     Other Claims**

To the extent Graham is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. 662, 667-68 (2009).

## RECOMMENDATION

For the above reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 40) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 5, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).