IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Graham, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jon Ozmint, *the State of South Carolina* ) <br> *Department of Corrections Director*; Willie ) <br> L. Eagleton, *Warden of Evans* ) <br> *Correctional Institution*; A-S Warden ) <br> Chavis; A-S Warden McFadden; A. Smith, ) <br> *RN*; Nurse Gaskins, *LPN*; Nurse Stokes, ) <br> *LPN*; Nurse Ryans, *LPN*; Nurse Spires, ) <br> *LPN*; P.R. Jones, *Official*, ) <br> ) <br>         Defendants. ) <br> _____ ) | C/A No. 0:11-2406-RMG <br><br> **ORDER** |

    This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 61) recommending this Court grant Defendants' motion for summary judgment (Dkt. No. 40). For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation as the order of the Court. The Court also denies all of Plaintiff's remaining motions.

## Background

    Plaintiff James Graham ("Plaintiff"), a self-represented prisoner, filed this action in state court asserting violation of his constitutional rights arising out of his medical care at Evans Correctional Institution ("ECI"). (Dkt. No. 1-1). Defendants then removed the case. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d)-(e) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. On March 5, 2012, Defendants filed a motion for summary judgment. (Dkt. No. 40). Plaintiff then timely filed a response in opposition to the motion. (Dkt. No. 58). The Magistrate Judge then filed a Report

and Recommendation ("R&R") recommending that this Court grant the Defendants' motion for summary judgment. (Dkt. No. 61). Plaintiff then timely filed objections to the R&R. (Dkt. No. 69). On the same day, Plaintiff filed a motion to appoint counsel (Dkt. No. 67) and a motion to compel (Dkt. No. 68), and later filed a motion to amend his complaint (Dkt. No. 73).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his

pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

## Law/Analysis

In their motion for summary judgment, Defendants assert several arguments as to why they are entitled to summary judgment on Plaintiff's claims, including the argument that Plaintiff has failed to create a genuine issue of material fact as to whether Defendants demonstrated deliberate indifference to a serious medical need in violation of Plaintiff's constitutional rights. After reviewing the arguments and exhibits submitted by the parties, the Court agrees that Defendants are entitled to summary judgment on this ground.

While in custody, a prisoner has certain rights under the Fourteenth and Eighth Amendments, including the right to receive adequate medical care. *City of Revene v. Mass. Gen. Hosp.*, 463 U.S. 239, 246 (1983). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the eighth amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.

1990). However, "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* In the present case, Plaintiff argues that Defendants are liable under this high standard. After reviewing the record, the Court disagrees. The record shows that, during his incarceration, Plaintiff has received continuous and frequent medical attention from the prison medical staff as well as from outside medical professionals. (*See* Dkt. Nos. 40-3, 40-4, 40-5) (copies of medical records which show that Plaintiff had more than 250 "encounters" with SCDC medical staff between January 12, 2009 and December 15, 2011). While Plaintiff clearly believes that Defendants should have provided different treatment for his medical conditions, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988); *see also Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.") (internal citation omitted). After reviewing the record, the Court finds that Plaintiff has failed to establish a genuine issue of material fact as to whether any of the Defendants were deliberately indifferent to Plaintiff's serious medical need.

Further, the Court agrees that all non-medical personnel named as Defendants are entitled to summary judgment. Plaintiff has failed to establish that any non-medical personnel have engaged in the conduct required to establish an Eighth Amendment medical claim for deliberate indifference. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). Moreover, the doctrine of respondeat superior may not be used to impose liability on supervisors under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Finally, to the extent Plaintiff asserts state law claims sounding in medical negligence or malpractice, summary judgment is appropriate because Plaintiff has not filed an affidavit of an expert witness with his Complaint as required by South Carolina law. S.C. Code § 15-36-100(B).

Plaintiff's objections assert that Defendants have not produced the medical records he needs to prove his case and that Nurse Smith's affidavit in support of summary judgment (Dkt. No. 40-3) cannot be trusted. (Dkt. No. 69). The Court notes that Plaintiff filed two "motions for discovery" (Dkt. Nos. 16, 26) to which the Magistrate Judge properly responded by instructing Plaintiff that discovery requests are not filed with the Court but that he may file a motion to compel if he is dissatisfied with the responses he receives from Defendants (Dkt. Nos. 23, 51). Plaintiff eventually filed a motion to compel in October 2012 (Dkt. No. 68), nearly a year after the close of discovery and more than a year after Plaintiff asserts he served the subject interrogatories on Defendants. The Court finds this motion is untimely pursuant to Local Civil Rule 37.01 DSC, and that the Magistrate Judge properly advised Plaintiff as to appropriate discovery procedure. Finally, the Court finds that Plaintiff's conclusory allegations in his objections are not sufficient to create a genuine issue of material fact.

The Court also denies Plaintiff's remaining motions. As explained above, the Court denies Plaintiff's motion to compel (Dkt. No. 68) as untimely. The Court also denies Plaintiff's motion to amend as untimely because the deadline to amend the pleadings was October 11, 2011 (Dkt. No. 6) and Plaintiff filed this motion on November 16, 2012 (Dkt. No. 73). Finally, the Court denies Plaintiff's second motion to appoint counsel (Dkt. No. 67) for the same reasons the Magistrate Judge denied Plaintiff's first motion to appoint counsel (Dkt. No. 22) – there are no exceptional or unusual circumstances justifying appoint of counsel.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 61). Accordingly, the Court grants Defendants' motion for summary judgment. (Dkt. No. 40). Plaintiff's remaining motions – motion to appoint counsel (Dkt. No. 67), motion to compel (Dkt. No. 68), and motion to amend his complaint (Dkt. No. 73) – are denied for the reasons set forth above.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 18, 2013
Charleston, South Carolina